# CLARK *v.* MUTUAL RESERVE LIFE INSURANCE COMPANY.

PLEADING; JUDGMENT ON DEMURRER; APPEAL AND ERROR; STIPULATION.

1.  While in case of two or more pleas to a declaration, or any of its counts, such as a plea of limitations and that of the general issue, and a demurrer to the former and a replication to or joinder of issue upon the latter, a judgment for the demurrant will entitle him to a final judgment, although upon the general issue the facts may be found in favor of the plaintiff,—this is true only where there are two distinct pleas, and not the same plea under different forms.

2.  A judgment is irregular and will be reversed on an appeal therefrom, where the record shows a demurrer by the plaintiff to the first and second of the defendant's three pleas to the declaration, the first of which is in effect, and the last is in form, a plea of the general issue, and a judgment on the demurrer, the plaintiff electing not to amend, but no disposition made of the third plea.

3.  Under such circumstances, while a stipulation in this court withdrawing the third and undisposed-of plea, so as to enable this court to hear the case on its merits, will be received by the court, a stipulation will not be accepted which amounts to a withdrawal here of such plea, with the right reserved to the defendant to file it again in the court below if the defendant should find it convenient or expedient to do so.

No. 1384.   Submitted April 8, 1904.   Decided May 4 1904.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, after his demurrer to two of three pleas of the defendant to the declaration had been overruled, the plaintiff electing to stand by his demurrer.                                          *Reversed.*

The COURT in the opinion stated the case as follows:

This is a suit on a policy of life insurance issued to Edward

Clark, the appellant's intestate, by the Mutual Reserve Fund Life Association, to the rights and liabilities of which the appellee has succeeded, both being corporations organized under the laws of the State of New York. The declaration contains five counts, the purport of which at this time it is unnecessary to state. There were three pleas interposed to it by the appellee as defendant. The first of these is somewhat anomalous in its character, and under our system of pleading and practice can scarcely be considered as anything more than the general issue. It is a recital of facts, in consideration of which the defendant claims that the plaintiff is not entitled further to maintain his suit, and therefore prays judgment. The second plea is one which is well known, although not often resorted to, the plea of *absque hoc,* as it is called, in which in the inducement to it there is likewise a statement of facts supposed to be sufficient in law to bar the plaintiff's suit. And the third plea is that of the general issue.

To the first and second of these pleas the plaintiff demurred. Whether he filed a replication to the third, or what action he took in regard to it, does not appear from the record before us. The demurrer came on for argument and was overruled. Subsequently the plaintiff announced his intention to stand by the demurrer, and thereupon the defendant moved for judgment, and the court, upon that motion, entered final judgment against the plaintiff and that the defendant go without day. From this judgment the plaintiff has appealed.

*Mr. Charles L. Frailey* for the appellant (*Mr. Stanton C. Peele* being of counsel).

*Mr. Jackson H. Ralston, Mr. F. L. Siddons, Mr. George Burnham, Jr.,* and *Mr. Sewell T. Tyng* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

At the hearing of the cause before us it was called to the

attention of the counsel that no disposition had been made in the court below of the third plea, that of the general issue, interposed by the defendant; and it was intimated to them that the cause, therefore, was scarcely in a condition for us to pass upon the merits of it unless that third plea was withdrawn. And we intimated, also, that it could be withdrawn in this court without sending the parties back to the lower court to withdraw it there. To this there was assent on both sides, and the cause proceeded to a hearing on the merits, with the understanding that there would be filed a stipulation in writing withdrawing the plea. A stipulation has now been filed and made part of the record in the case. This stipulation, which includes also another matter, is, so far as it is necessary here to refer to it, in these terms:

"It is further stipulated and agreed by and between counsel for the respective parties that the appellee shall be considered as having withdrawn, and the appellee does hereby withdraw, the general issue plea heretofore filed in the cause; and that, in the event that the judgment of the supreme court of the District of Columbia in overruling said demurrer be reversed, the defendant may, if it so desires, after the filing of the mandate, obtain leave from the supreme court of the District of Columbia to plead over as it may be advised."

We cannot accept this stipulation. It amounts to a withdrawal here of the plea of the general issue, with the right reserved to file it again in the court below if the defendant should find it expedient or convenient to do so. This simply accentuates and increases the impropriety of the present situation. For in the event contemplated, the defendant may introduce new facts not now on the record, or it may abide by the facts already stated. If the latter, we will have the anomaly of the presentation to a jury of facts which we would have held to be insufficient to go to them; if the former, we would have a juggling with this court, as well as with the court below, which would be unseemly, namely, the solicitation of its judg-

ment on a case which is not the real case, and in which material facts would have been held back.

This case differs somewhat from that of the ordinary demurrer. Here the defendant has undertaken to spread upon the record in two special pleas the facts on which it relies as a defense against the plaintiff's claim, and to invite a demurrer thereto; and it has been met with such demurrer. It will not do for it now, when we have passed on that demurrer, to say that the facts stated are not the true facts of the case, or are not all the facts. The defendant had the opportunity to do as it pleased in that regard when the plaintiff's demurrer was overruled; but in moving for final judgment on the demurrer it virtually abandoned the plea of the general issue, and it would be manifestly improper thereafter to allow its restoration and a trial upon such issue.

The difficulty arises out of the anomalous character of the defendant's pleading. Its first plea is no more than the general issue, and two pleas of the general issue are improper. It will not do to try one on demurrer before the court and the other on evidence before the jury.

It is very true that if two or more pleas are interposed as a defense to a declaration, or to any count of a declaration, as, for example, the plea of the statute of limitations and that of the general issue, and a demurrer is filed to the former and a replication or joinder of issue to the latter, a judgment on the demurrer in favor of the defendant will entitle him to a final judgment, notwithstanding that upon the plea of the general issue the facts may be found in favor of the plaintiff. But that is where there are two distinct pleas, and not the same plea under different forms.

There was the mistake in this case of filing a plea that was of the nature of an answer in equity, coupled with a formal plea of the general issue as known to the common law. It is an irregular practice, which should be checked by the courts. It tends merely to cause confusion. We have no objection to the

code system of complaint and answer in common-law cases as well as equity, when duly established by authority of law or rules of court. But it will not do under any system of pleading and practice to combine in defense "an answer," such as would be proper in equity, and a technical plea of the general issue, such as is known at the common law. The answer is no more than the plea of the general issue in another form.

It would have been proper for the plaintiff to move to strike out the first plea in this case as amounting to no more than the general issue; and the motion, if made, should have been allowed, as the regular plea of the general issue would have been left standing. As this was not done, and it was the fault of the defendant to introduce two such pleas into the record, it should have abandoned and withdrawn the other before moving for final judgment on the demurrer. It not only did not do so, but it now wishes to have the right of recurring to it in case the present judgment on the demurrer should be reversed. The absurdity of the position will appear more plainly when it is considered that the only plea which the defendant could plead, if the ruling on the demurrer were reversed, and the defendant were allowed to plead over, would be the plea of the general issue, precisely the same plea in different form, which would have been determined adversely to the defendant.

We are entirely willing that parties should have recourse to an agreed statement of facts, whenever it can be had, and it is a most desirable method of determining issues, especially such issues as are involved in the present case. But a statement of facts which is no statement cannot be considered.

We are compelled to hold that, under the circumstances, the judgment appealed from was irregularly entered. It must, therefore, be reversed, with costs. The cause will therefore be remanded to the Supreme Court of the District with directions to vacate it, and for such further proceedings according to law as may be right and just. And it is so ordered.     *Reversed.*